**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                :
FRANKLIN SIMMS,                 :
                                :          Civil Action
            Plaintiff,          :          08-1346 (RMB)
                                :
       v.                       :          **O P I N I O N**
                                :
DR. NEIL, et al.,               :
                                :
            Defendants.         :
_____:

**APPEARANCES:**

    FRANKLIN SIMMS, Plaintiff <u>pro</u> <u>se</u>
    #156152
    Atlantic County Justice Facility
    Mays Landing, New Jersey 08330

**Renée Marie Bumb, District Judge**

    Plaintiff FRANKLIN SIMMS ("Plaintiff"), currently confined at
the Atlantic County Justice Facility ("ACJF") in Mays Landing, New
Jersey, submitted for filing his complaint ("Complaint") seeking to
bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983,
alleging violations of his constitutional rights.  Based on his
affidavit of indigence and the absence of three qualifying
dismissals within 28 U.S.C. § 1915(g), the Court will grant
Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to
28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file

the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.   For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.   **BACKGROUND**

Plaintiff brings his § 1983 action against the medical staff of the ACJF and the business entity providing medical staff and services to the ACJF and other prisons in the State of New Jersey.[1]

---

[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 .  Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

The Complaint is, effectively, a diary describing Plaintiff's ailments and the treatment he was receiving. See generally, Compl. The diary is subdivided into four chapters, three of which are dedicated to discussion of treatment Plaintiff received from three doctors. Plaintiff's alleged medical problems, the medical treatment he received, and the physical sensations he experienced are set forth below:

1.   On February 2, 2008, Plaintiff experienced facial pain and numbness. He submitted a request for medical treatment.

2.   The next day, on February 3, 2008, Plaintiff was examined by a nurse and tentatively diagnosed with flu.

3.   Plaintiff's symptoms continued. Therefore, forty-eight hours later (on February 5, 2008), Plaintiff was examined by a dentist.   The dentist prescribed Plaintiff penicillin; Plaintiff's prescription was filled.

4.   Plaintiff's face and jaw continued to swell, and pain increased. Therefore, seventy-two hours later (on February 8, 2008) Plaintiff was examined by Dr. Neil. Dr. Neil prescribed Plaintiff antibiotic Clercil and pain-killer Motrin; Plaintiff's prescriptions were filled.

5.   Plaintiff's face developed extreme swelling, and pain increased.   Therefore, seventy-two hours later (on February

_____

1994).

11, 2008) Plaintiff was examined by Dr. Nugent. Dr. Nugent determined that Plaintiff was allergic to Clercil, prescribed Plaintiff antibiotic Syringe and administered that antibiotic by injection.

6.  Extreme swelling of Plaintiff's face continued, same as his pain. Therefore, twenty-four hours later (on February 12, 2008), Plaintiff was examined by Dr. Joann and had double dosage of antibiotic Syringe administered by injection.

7.  Extreme swelling of Plaintiff's face continued, same as his pain. Therefore, twenty-four hours later (on February 13, 2008), Plaintiff was examined by the dentist. The dentist directed Plaintiff's hospitalization, and Plaintiff was taken to a hospital where he was diagnosed with allergic reaction to unspecified antibiotics.

8.  Plaintiff remained at the hospital for one week, until February 20, 2008. Upon returning to the ACJF on February 20, 2008, Plaintiff was housed at the medical unit.

9.  During his stay at the medical unit, Plaintiff was denied prescription pain-killers recommended by the hospital because the prescription contain a narcotic element prohibited for consumption by inmates.[2] Therefore, Plaintiff's residual healing was not completely pain-free.

_____

[2] Plaintiff was afforded non-narcotic pain-killers, like Motrin.

See Compl. at 5-12.

Plaintiff asserts that the treatment he received from ACJF's medical personnel, as well as denial of narcotic-based prescription pain-killer violated his constitutional rights and seeks damages from Drs. Neil, Nugent and Joann in the amount of "$2,000,000 or negotiable" (from each Defendant), as well as "$2,000,000 or negotiable" from the entity employing these medical practitioners. See id. at 13.


## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims, and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).


**III. DISCUSSION**

Since Plaintiff was a pretrial detainee confined at the ACJF at the time of the alleged incidents, his constitutional claims concerning the conditions of his confinement are considered under the due process clause of the Fourteenth Amendment (rather than under the Eighth Amendment). See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006, 108 S. Ct. 1731, 100 L. Ed. 2d 195 (1988); Montgomery v. Ray, 145 Fed. App. 738, 740 (3d Cir.

2005)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, . . . i.e., whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt . . . .") (citing Hubbard, 399 F.3d at 158).

In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. See 399 F.3d at 165-67. Pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners with respect to the conditions of their confinement. See Bell v. Wolfish, 441 U.S. 520, 545 (1979); Hubbard, 399 F.3d at 165-66; Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). Here, Plaintiff alleges that he had an adverse reaction to a medication prescribed to him by Defendants. However, after the symptoms began to appear, Plaintiff did receive immediate medical attention and was given injections to counteract the adverse allergic reaction. Plaintiff does not allege any permanent disabilities or injuries from this incident. Nor does he allege that Defendants denied him treatment. Rather, he asserts medical negligence on the part of Defendants in: (1) prescribing antibiotic treatment that caused him allergic reaction, (2) insufficiently monitoring this reaction, and (3) giving him medicine not strong enough to make his healing painless.

Accepting these allegations as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court finds that there was no denial of medical treatment that was so excessive in relation to any stated purpose of jail security and administration, which would infer that such denial was intended as punishment. See Hubbard, 399 F.3d at 158-63; Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D. Pa. 1993). Plaintiff has been provided medical care for his requested needs on daily or by-daily bases, although the treatment has not met his personal satisfaction. There are no allegations to suggest that treatment has been denied completely. Plaintiff has not demonstrated any serious medical need that has been purposefully or willfully ignored by Defendant. At best, Plaintiff may be alleging a state law tort claim of medical negligence against the medical staff at the ACJF, which is not cognizable in a § 1983 action. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(allegations of negligent treatment are medical malpractice or medical negligence claims, and do not trigger constitutional protections). Therefore, his claims alleging denial of medical care will be dismissed for failure to state a claim.

Plaintiff's allegations that he was initially seen by a nurse rather than a doctor, or that he was not seen by the doctor of his choice, or that he was not allowed prescription medication containing a narcotic element and had to get by on over-the-counter pain-killers fair no batter. An inmate has no constitutional right

to a medical practitioner of his choice, accord, Hayes v. Prison Health Servs., 2007 U.S. Dist. LEXIS 38954, at *12 (D.N.J. May 24, 2007) ("neither inconsistencies or differences in medical diagnoses, nor refusal to consider inmate's self-diagnoses, to summon the medical specialist of the inmate's choice" qualify as a constitutional violation) (citing White v. Napoleon, 897 F.2d 103 (3d Cir. 1990)); see also Banda v. Corzine, 2007 U.S. Dist. LEXIS 80932, at *40 (D.N.J. Nov. 1, 2007) (same); Boyd v. Bergen County Jail, 2007 U.S. Dist. LEXIS 42066, at *19 (D.N.J. June 7, 2007) (same); Barnes v. Mercer County Ct. House, 2007 U.S. Dist. LEXIS 40742, at *23 (D.N.J. June 5, 2007) (same); Hemingway v. Sheers, 2007 U.S. Dist. LEXIS 9465, at *8 (D.N.J. Feb. 9, 2007) (same), and a correctional facility's decision not to dispense certain medications cannot be deemed a punishment if that decision was based of the facility's legitimate penological goal to prevent circulation of controlled-substance based medications. See, e.g., Rochell v. Corr. Med. Servs., 2006 U.S. Dist. LEXIS 37943 (N.D. Miss. Apr. 10, 2006) (stating that, "[while] the court does not doubt that the plaintiff suffered pain[,] the constitution does not . . . guarantee pain-free medical treatment, and the defendants provided the plaintiff with medication . . . . While the plaintiff might have preferred stronger medication, [the plaintiff's] mere disagreement with [the plaintiff's] medical treatment does not state a constitutional claim. Indeed, prison doctors are

understandably hesitant to prescribe powerful narcotics to prisoners except when absolutely necessary. Finally, a claim regarding [the matter of validity of a medical opinion] is one of medical negligence, not deliberate indifference, and negligent conduct by prison officials does not rise to the level of a constitutional violation," and citing <u>Daniels v. Williams</u>, 474 U.S. 327 (1986), and <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986)), <u>aff'd</u>, 246 Fed. App. 252 (5th Cir. 2007); <u>see also</u> <u>Smith v. Crose</u>, 2006 U.S. Dist. LEXIS 64250, at *12 (D.N.J. Sept. 7, 2006) (same). While this Court has no doubt that Plaintiff was properly administered a narcotic-based pain-killer during his week-long stay at the hospital, and the Court sympathizes with Plaintiff's aches that Motrin treatment could not fully eliminate during the residual healing process Plaintiff underwent during his stay at the medical unit of the ACJF, Plaintiff has no constitutional right to a pain-free healing process. <u>See</u> <u>id.</u>; <u>see also</u> <u>White v. Napoleon</u>, 897 F.2d at 110 (the decision to administer the inmate a medicine less effective in its curing effect is not actionable unless the plaintiff asserts that, as a result of the alternative medical treatment, his medical condition fail to improve or actually worsened but the doctors, notified of these unfortunate development, ignored this fact and continued with the alternative

treatment);[3] <u>Nelson v. Rodas</u>, 2002 U.S. Dist. LEXIS 17359, at *55 (S.D.N.Y. Sept. 17, 2002) (collecting cases holding that the constitution does not mandate the use of any particular medical technology, drug or course of treatment), <u>aff'd</u> 132 Fed. App. 401 (2d Cir. 2005).

**V.   CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all Defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

An appropriate order accompanies this Opinion.

<u>s/Renée Marie Bumb</u>
**Renée Marie Bumb**
**United States District Judge**

Date: <u>April 29, 2008</u>

---

[3]

The import of the Court of Appeals' observation in <u>Napoleon</u> is that administration of an alternative treatment may give rise to a claim of constitutional magnitude in the event the plaintiff pleads that such alternative treatment left a serious medical need effectively unattended or allowed it to worsen, but the claim is not actionable if all the plaintiff pleads is that his ailment was cured at a lesser speed or less painlessly than it might, had the original--rather than an alternative--treatment been administered.